## SUPREME COURT.

### MYERS vs. FEETER.

After the service of an answer, the defendant may move to change the place of trial before the service of a reply and before the expiration of the time to reply.

*Essex Special Term, January,* 1850.—B. POND, *for defendant,* moved to change the place of trial from Schenectady to Herkimer upon affidavits, showing material witnesses in the latter county. He said it was clear from the recent decisions, and the 47th rule of court, that the motion was not premature.

J. E. McVINE, *for plaintiff,* read an affidavit showing that the complaint was served on the 5th December, 1849, and an answer served on the 25th of that month by mail, which gave the plaintiff until the 3d of February to reply. That the answer set up new and material matter in defence, to which the plaintiff intended to reply. He said the parties could neither of them know what witnesses would be necessary until the issues were all taken. That the code does not abolish the distinction between *venue* properly and *the place of trial.* The venue properly, is the county in which the action must be tried according to sections 123, 124, 125, of the code, in all which cases the court have power to change the *place of trial,* for cause. He further contended, that by section 126, the Legislature had provided a simple remedy to the opposite party if the *venue properly,* was laid in the wrong county. In such case, the defendant may,

before the time for answering expires, *demand in writing* that the trial be had in the *proper county*. If the defendant pursues this simple remedy without success, the court would undoubtedly compel the plaintiff to pay the costs of the motion. But if he neglect this, the remedy given by statute for the change of the *venue*, the venue must remain in the *improper county* subject to the right of the defendant to move the court to change the *place of trial*, and that this can only be done on good cause shown *after issue joined*. The venue stands, but the place of trial is changed for convenience of witnesses or other cause. He cited in support of his views, (Code, §§ 123, 124, 125, 126; *Barnard* v. *Wheeler*, 3 How. Pr. R. 71; *Beardsley* v. *Dickinson*, 4 id. 81; and *Lynch* v. *Mosher*, id. 86, 89.)

He also submitted that the distinction made by the code between the change of *venue* and the *place of trial* was overlooked in the adoption of the new rules. (See Rules Sup. Ct., ed. 1837, R. 94.)

HAND, Justice.—Mr. Justice SILL, in *Lynch* v. *Mosher*, (4 How. Pr. R. 86,) came to the conclusion that the defendant need not move to change the place of trial until after issue joined. But I do not understand him, or Mr. Justice PARKER, in *Beardsley* v. *Dickinson*, (id. 81,) to say that the motion cannot be made until the reply is in, or the time for replying has expired. On the contrary, in the latter case, the motion was decided upon the merits, notwithstanding it appeared that the reply had not been served. And the review of the cases by the Judge, in *Lynch* v. *Mosher*, to my mind, shows clearly that the motion may be made before reply. The language of the former statute, under which it was held that the defendant must move the first opportunity, after service of the declaration, is very similar to that of the Judiciary Act. (2 R. S. 309, § 2; Jud. Act, § 49; Code, § 125; 11 Wend. 186; 4 Hill, 63, n.) In addition to this such, too, is the plain reading of the 47th rule of this court: "No order to stay proceedings for the purpose of moving to change the place of trial shall be granted, unless it shall appear from the papers that the defendant has used due diligence in preparing the motion for the earliest practicable day after the service of the complaint. Such order shall not stay the plaintiff in putting the cause at issue, or taking any other step except giving notice and subpœnaing witnesses for the trial without a special clause to that effect," &c.

These rules were made by the whole court, under the authority of the code, and may be considered as giving construction to the statute. The same court adopted the same rule immediately after the Judiciary Act became a law.

But the plaintiff shows that the answer contains new and material mat-

ter, and that he cannot yet determine what witnesses may be required upon the issues. It will rarely happen that the plaintiff in this stage of the cause will be ignorant of what he intends to traverse by his reply; but as the plaintiff states that he is so in this case, the motion must be denied, without costs and without prejudice, so that it can be renewed after the reply comes in.